UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**CHRISTOPHER LARUE MOORE**                                           **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 1:14CV-P101-GNS**

**BENJAMIN D. ROGERS** *et al.*                                     **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A of Plaintiff Christopher Larue Moore's *pro se* complaint (DN 1) and later filed documents submitted in support of his complaint (DN 11). For the reasons that follow, the Court will dismiss the action.

**I. SUMMARY OF CLAIMS**

Plaintiff, a convicted prisoner currently incarcerated in the Grayson County Detention Center, filed a civil-rights action pursuant to 42 U.S.C. § 1983. As Defendants, he sues, in their individual and official capacities, Attorney Benjamin D. Rogers; Barren County Circuit Court Clerk Krissie Coe Fields; and Barren County Circuit Desk Clerk "AWC." He asserts that Defendant Fields's "duty as Circuit Court Clerk is to make sure the people [she] employs, holds to all oaths required for the positions held."

Plaintiff alleges that his notice of appeal sent to the Barren County Circuit Court of a decision by the Barren Family Court (case #14-D-00032-001) was altered prior to its filing. He reports that he "received the filed copy of the Desk Clerk 'AWC' dated May 8, 2014" and that when he compared the filed copy to his original, he noticed that witnesses' names were missing and that Defendant Rogers's daughter's name "was 'altered,' 'pasted,' and did not set as the

origional expressed."[1] He claims that all "altering, tampering, and falsified actions. Happen in Barren County Court Clerks Office, Attorney Benjamin D. Rogers Office, (or) all the above" and that Defendants "either 'committed,' 'assisted,' or done nothing about the following violations":

> 1.) Mandated testimony of witnesses/to have compulsory process for obtaining favorable witnesses.
> 2.) Unimpeded access to courts, court filing, and grand juries, subject only to routine scheduling.
> 3.) Not to have any right, privilege, or immunity disabled by statue unless one is a minor, which by default shall be any individual under the age of 18 unless the disabilities of minority are extended or reduced by court order.
> 4.) Not to have one's natural rights individually disabled "except" through due process of law.
> 5.) Shall not "deny" any person within its jurisdiction (Equal) Protection of the laws.
> 6.) Freedom of speech
> 7.) Not to have government actors exercise powers on the pretext of being "Necessary and Proper" when they are not just to perform his official duties but to get a desired result beyond such duties.
> 8.) Due process/You cannot be punished for a crime without being guaranteed fundamental fairness, justice, and liberty.

Plaintiff reports that he has written the following persons/entities to try to resolve this matter: "Judge Mitchell Nance, Krissie Coe Fields, Judge Executive David Greer, NAACP, Administrative Office of Court Clerks, Court of Appeals [and] Kentucky Bar Association (three) times."

As relief, Plaintiff seeks monetary and punitive damages.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

---

[1] Plaintiff advises that Defendant Rogers represents the opposing party in the Barren Family Court case and that the opposing party is Defendant Rogers's daughter's best friend.

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Defendant Rogers*

"A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Thus, Defendant Rogers, in representing Plaintiff's opponent in a family court suit, was not acting under color of state law. *Id.* at 166 ("As private attorneys representing private citizens, they were not acting under color of state law."). While an exception exists if an attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff has not set forth facts sufficient to state a conspiracy claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). All claims against Defendant Rogers, therefore, will be dismissed.

#### B. *Official-capacity claims against Defendants Fields and "AWC"*

The Barren County Circuit Court Clerk and Desk Clerk, as state actors sued in their official capacity for damages, are entitled to Eleventh Amendment immunity, *Kentucky v.*

*Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."), and are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The official-capacity claims against them, therefore, will be dismissed.

### C. Individual-capacity claims against Defendant Fields

Plaintiff seeks to hold Defendant Fields liable based on her supervisory position as Barren County Circuit Court Clerk. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Plaintiff fails to allege that Defendant Court Clerk Fields was directly involved in any of the alleged wrongdoing. The Court, therefore, will dismiss the individual-capacity claims against Defendant Fields for failure to state a claim upon which relief can be granted.

### D. *Individual-capacity claims against Defendant "AWC"*

In the complaint, Plaintiff lists eight claims. As to his denial-of-access-to-courts claim, Plaintiff fails to allege facts indicating that Defendant's purported alteration of his notice of appeal[2] caused actual injury or "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). No actual injury occurs without a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356. Indeed, the Court takes judicial notice of the Kentucky Court of Appeals' docket sheet, *see* http://apps.kycourts.net/Appeals/COA_Dockets.shtm, which reflects that Plaintiff's appeal of Barren Family Court case #14-D-00032-001 was dismissed due to Plaintiff's own failure to file a timely brief, despite the appellate court providing him with additional time in which to do so. Plaintiff having failed to show any actual injury to his appeal due to the allegedly altered notice of appeal, his claim that he was denied access to court will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's due process claim also fails. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Here, Plaintiff fails to identify any liberty or property

---

[2]The Court notes that, in comparing the original and allegedly altered notices of appeal that Plaintiff attached to his complaint, it appears that a photocopying error occurred. It appears that the original notice of appeal was slightly bent or folded over during photocopying which resulted in one or two lines of writing on the front and the back of the notice of appeal to be covered/hidden.

interest that he claims was deprived by Defendant "AWC." Accordingly, he fails to state a due process claim.

With respect to Plaintiff's remaining six claims listed in his complaint, including the equal-protection and freedom-of-speech claims, Plaintiff has wholly failed to allege facts supporting any viable constitutional claim.

Consequently, the claims against Defendant "AWC" will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For all of the foregoing reasons, the Court will dismiss the action by separate Order.

Date: January 29, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4416.005